UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JEFFREY MERRITT | No. 3:16-cr-164 (SRU) |

## STATEMENT OF REASONS

On November 29, 2021, I sentenced Jeffrey Merritt ("Merritt") to eight months' incarceration for committing a Grade B violation of supervised release (committing a new state offense) and two Grade C violations (using drugs and failing to attend drug treatment sessions). The revocation guideline imprisonment range, according to United States Probation, was 21 to 27 months. Am. Report, Doc. No. 103. The non-guidelines sentence that I ultimately imposed reflected a number of factors.

First, the imposition of a term of supervised release is not intended to function as part of the punitive portion of a sentence. *See, e.g., United States v. Granderson*, 511 U.S. 39, 50 (1994) ("Supervised release, in contrast to probation, is not a punishment in lieu of incarceration."). Rather, the goal of imposing a term of supervised release is to provide necessary rehabilitation to a defendant attempting to reintegrate into society after a prison term. *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("[s]upervised release fulfills rehabilitative ends"). Sentencing a defendant to a lengthy term of imprisonment for failing to rehabilitate therefore goes against the fundamental purpose of supervised release. That is especially so in the case at bar, where the instant violations stem at least in part from Merritt's decades-long struggle with serious drug addiction. *See* Def.'s Mem., Doc. No. 109.

Second, that sentence reflects Merritt's age and deteriorating physical health. Although he is only 57, Merritt suffers from serious physical conditions, including congestive heart failure and kidney failure, among other diseases. *Id.* To sentence Merritt to a lengthy term of incarceration—particularly in the midst of a global pandemic—could have very serious and lasting results for his health. Third, that sentence reflects Merritt's efforts toward rehabilitation, including a demonstrated record of active participation in Support Court and the Connecticut Community for Addiction Recovery.

In sum, the non-Guidelines sentence of eight months is sufficient, but not greater than necessary, to serve the purposes of sentencing.

Dated: 12/9/2021                                          /s/ STEFAN R. UNDERHILL
                                                          Stefan R. Underhill
                                                          United States District Judge